IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOMINIQUE HARRIS, *individually and on behalf of Minors, C.B. and C.B.*, | ) ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 1:21-cv-00129-RAH [WO] |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

## ORDER

THIS MATTER is before the Court on Defendant's *Second Motion to Compel and Motion for Sanctions* (Doc. 34) and Defendant's *Status Report* (Doc. 37), which the Court previously construed as a renewed motion to dismiss (Doc. 38).  For the reasons that follow, the Court concludes that the motions are due to be granted to the extent they seek dismissal of this case.

## BACKGROUND

On February 12, 2021, Plaintiffs filed their Complaint asserting claims under the Federal Tort Claims Act arising out of a motor vehicle accident that occurred on September 9, 2019.

On February 8, 2022, the parties filed a *Joint Motion to Continue Discovery and Trial Deadlines*.  (Doc. 25.)   That motion sought extensions due to communication problems between Plaintiffs and their legal counsel as its concerns

1

written discovery served on the Plaintiffs on November 14, 2021. At the time of the motion, Plaintiffs had failed to respond to the written discovery that had been propounded months earlier.  The Court granted the motion and issued a new scheduling order. (Doc. 26.)

Still with no discovery responses in hand, on March 4, 2022, the Defendant filed a *Motion to Compel Discovery*. (Doc. 27.)  Plaintiffs' counsel filed a response stating the following:

> Plaintiffs' counsel has attempted to reach Plaintiffs to complete the requested discovery, and Plaintiffs will not participate. Plaintiffs' counsel has called Plaintiffs numerous times with no response. Plaintiffs respectfully request an additional thirty (30) days to respond to the discovery at issue.

(Doc. 29.)

The Court granted the Defendant's motion on May 2, 2022, and ordered Plaintiffs to respond to the written discovery on or by June 6, 2022.  (Doc. 33.) In its order, the Court warned that the continued failure to comply with their discovery obligations could result in dismissal of the case. The Plaintiffs did not comply.

On June 22, 2022, the Defendant filed a *Second Motion to Compel and Motion for Sanctions.*  (Doc. 34.)  The Defendant again sought an order requiring the Plaintiffs to respond, and if Plaintiffs continued in their failure to engage in discovery, then an order dismissing the case.  The Court issued a show cause order that same day requiring the Plaintiffs to file a response by June 29, 2022.  (Doc. 35.)

On June 29, 2022, Plaintiffs' counsel filed a response, stating "Plaintiffs' counsel continues to try to reach Plaintiffs to complete the requested discovery, and Plaintiffs will not respond or participate. Plaintiffs' counsel has called Plaintiffs numerous times with no response. Plaintiffs respectfully request an additional thirty (30) days to respond to the discovery at issue." (Doc. 36.)

The Court did not immediately rule upon the motion so as to give the Plaintiffs their requested 30 days to provide responses. That 30-day period came and went, and therefore on August 1, 2022, the Defendant filed a *Status Report* (Doc. 37) in which it complained once again that Plaintiffs continued in their failure to provide discovery responses and to comply with the Court's orders. The Defendant also requested dismissal of the case.

Giving the Plaintiffs one last opportunity to provide discovery responses, to comply with the Court's orders, and to save their case from dismissal, the Court on August 2, 2022, issued an order requiring the Plaintiffs to show cause on or by August 9, 2022, as to why this action should not be dismissed. (Doc. 38.) The Plaintiffs did not respond.

Therefore, as of October 3, 2022, Plaintiffs are over nine months past due on their discovery responses, have missed several court-imposed deadlines to provide responses, and most recently, have failed to comply or respond to this Court's show cause order.

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 37 grants the Court broad authority in sanctioning a party for failure to comply with a court order concerning discovery. Fed. R. Civ. P. 37(b)(2)(A); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court may also treat "as contempt of court the failure to obey any order." Fed. R. Civ. P. 37(b)(2)(A)(vii). District courts have broad discretion to fashion appropriate sanctions for violations of discovery orders, such as a dismissal without prejudice. *Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1542 (11th Cir. 1993). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton*, 178 F.3d at 1374.

Federal Rule of Civil Procedure 41 similarly provides that a defendant may move to dismiss an action when a plaintiff fails to prosecute the case or comply with the Court's rules and orders. Fed. R. Civ. P. 41(b). As such, the Court is empowered to dismiss an action without prejudice pursuant to Rule 41(b) and its inherent authority. *See Johnson v. DuBose*, 806 F. App'x 927, 928 (11th Cir. 2020) (per curiam). Moreover, a dismissal without prejudice under this provision may be an appropriate sanction where a party fails to obey court orders or prosecute the case. *See Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) ("Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court.").

## ANALYSIS

The Court concludes that pursuant to Rule 37(b)(2)(A) and Rule 41(b), this case should be dismissed without prejudice. Plaintiffs have failed to provide discovery responses, comply with orders from the Court, and most recently, have failed to respond to this Court's show cause order. Indeed, the Plaintiffs have been afforded multiple opportunities to comply with their discovery responses but have repeatedly failed to do so. These actions reflect an intentional failure to prosecute this case.

In its May 2, 2022 order, the Court warned Plaintiffs that their failure to engage in discovery could result in dismissal of this action. *See Adeniji v. Att'y Gen. Middle Dist. of Fla.*, 786 F. App'x 1002, 1003 (11th Cir. 2019) ("Generally, where a litigant has been forewarned, dismissal for failure to comply with a court order does not constitute an abuse of discretion."). As such, dismissal should come as no surprise.

Accordingly, it is ORDERED as follows:

1. Defendant's *Second Motion to Compel and Motion for Sanctions* (Doc. 34) and Defendant's *Status Report* (Doc. 37), which the Court previously construed as a renewed motion to dismiss (Doc. 38), are hereby GRANTED.

2. The action is hereby **DISMISSED without prejudice**.

3. No costs are taxed.

The Clerk is DIRECTED to terminate any pending motions and close the case.

DONE on this the 3rd day of October, 2022.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE